Donglan CHEN, Petitioner,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 05–71708.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.[*]

Filed July 1, 2009.

Michele Mack Liedeker, Law Office of Michele Mack Liedeker, Berkeley, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Alexandra R. Gelber, U.S. Department of Justice, Washington, DC, for Respondent.

Before PAEZ, TALLMAN and N.R. SMITH, Circuit Judges.

MEMORANDUM [**]

Donglan Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. The administrative findings of fact are conclusive unless any reasonable adjudicator would be com-

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

pelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B). We review for substantial evidence the IJ's adverse credibility finding. *Singh v. Ashcroft*, 362 F.3d 1164, 1168 (9th Cir.2004). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's adverse credibility finding. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Chen failed to provide a credible explanation for her failure to produce corroborating evidence. *See Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000). Accordingly, Chen failed to establish eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Contrary to Chen's contention, the BIA did not treat as dispositive its statement that the Chinese government "had ample opportunity to detain [Chen] when she transited through immigration processing prior to departing [China]."

We further reject Chen's submission of new background evidence that is not part of the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A); *Fisher v. INS*, 79 F.3d 955, 963 (9th Cir.1996) (en banc).

We lack jurisdiction to consider Chen's claim for asylum based on the birth of a new child because Chen has not exhausted the claim by first raising it before the BIA. *See* 8 U.S.C. § 1252(d)(1).

We grant the government's motion to strike Chen's appendix.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.